---

## In re VOGT.

### (District Court, E. D. New York. March 23, 1908.)

BANKRUPTCY—BANKRUPTCY COURT—JURISDICTION.

Where the holders of chattel mortgages on a bankrupt's property made no claim for the enforcement of the mortgages as such at the time of the sale of the property under an order directing that the liens, if any, should be transferred to the proceeds, all the parties having consented to the jurisdiction of the bankruptcy court, all claims with reference to the fund should be determined therein, if possible, and the trustee should not be permitted to litigate such questions in the state court, unless he showed good reason therefor.

2. SAME—RIGHTS TO FUND—DETERMINATION.

Where property of a bankrupt subject to the lien of certain mortgages was sold under an order transferring the lien to the proceeds, whether the creditors were estopped to raise any question or make any claim, except that litigated in a prior suit in a state court, could not be determined in the bankruptcy proceedings until the trustee or the creditors had elected what course they would pursue, and had petitioned the referee to proceed with the administration of the estate.

Application by the trustee of Jacob Vogt, a bankrupt, for an order requiring a referee to pay over certain money to the trustee. Denied. See 159 Fed. 317.

Roger Foster, for the Franks.

Francis B. Mullin, for trustee.

CHATFIELD, District Judge. This application is in certain ways a renewal of a former motion, but some additional considerations come up which should be referred to.

The order directing a sale of the property held under chattel mortgage, which has been set aside, directed the receiver to hold the pro-

ceeds as a special fund to await the further order of this court upon due notice to all creditors who had appeared or might thereafter appear, and that the lien of the chattel mortgage (which has since been declared invalid) should be transferred to that fund. The present situation finds this fund a part of the estate, still in the hands of the receiver, and subject to whatever order this court may make. It is impossible to determine whether the Franks have lost the right to appear as general creditors and prove any claim until they shall have applied to do so, or until the case is taken up before the present referee and determination is made by him as to the allowance or disallowance of what claims may be presented, or until he refuses to allow the proof of claims, if the time for so doing has expired. The two prior chattel mortgages may be invalid as mortgages, but that cannot be determined on this motion, as has been said before. It is apparent that the Franks consented to come into bankruptcy, and made no claim for the enforcement of the two first chattel mortgages, as mortgages, at the time of the sale. Whether they have been estopped by so doing is another question that should not be determined on the present motion. The court is of the opinion that, inasmuch as all of the parties have consented to the jurisdiction of the bankruptcy court, these questions must be determined in this court, unless the trustee shows some sufficient reason for going into the state court, if he has any cause of action therein. It is also apparent that this court should compel the parties to litigate their differences in the bankruptcy proceedings if possible, the creditors, as has been said before, having given up possession, consented to the sale free from liens, and agreed to the deposit of the proceeds under the orders of the United States court. To go further, however, and to say that these creditors have been estopped from raising any question or from making any claim, except the particular claim which was litigated in the suit in the state courts, is a proposition that was not decided by Judge Thomas in making the former order, and, as this court has repeatedly said, cannot be determined until the trustee or the creditors have elected what course they will pursue, and have asked the referee to proceed with the administration of the estate.

If the trustee claims that the Franks have lost all rights as creditors in any form, he should proceed with the administration of the estate. If he desires to contest the validity of any claim which they have or now make, he should attack that claim directly. If the Franks have any claim, they should proceed to establish it before the referee, and the administration of the estate should be set in motion.

The present application to determine the rights of the various parties must be denied.